MARGARET ROSENTHAL, Bar No. 147501
SABRINA L. SHADI, Bar No. 205405
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email:  mrosenthal@bakerlaw.com
        sshadi@bakerlaw.com

Attorneys for Defendant
ROADWAY EXPRESS, INC.



*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONNELL THROWER,

    Plaintiff,

v.

ROADWAY EXPRESS, INC.,

    Defendant.

Case No. CV07-05002 JFW (MANx)

**STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CERTAIN DOCUMENTS AND [~~PROPOSED~~] ORDER THEREON**

Action Filed:  July 2, 2007
Trial Date:    July 28, 2008

---

IT IS HEREBY STIPULATED AND AGREED by and between Donnell Thrower and Roadway Express, Inc., through their respective attorneys of record, that the following shall govern the handling of documents, deposition transcripts, and other materials filed, produced or otherwise disclosed in the above-captioned matter ("Case Material").

1.   <u>Designation of Confidential Material</u>.

    (a) Case Material may be designated as confidential when the designating party in good faith believes it constitutes, reflects or contains non-public financial, personal, or business information ("Confidential Material"). Parties may designate Confidential Material of a highly confidential and/or proprietary nature as "Attorney's Eyes Only" ("Attorney's Eyes Only Material"). Attorney's Eyes Only

Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel) and to consultants, investigators and experts and such other persons as set forth in paragraph 6 below.

(b) Designation of any Confidential Material shall be made by placing or affixing on the document or other material in a manner which will not interfere with its legibility the word "CONFIDENTIAL" or the words "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

(c) To the extent possible, the designation of Case Material as confidential shall be made prior to, or contemporaneously with, the production or disclosure of that material. In the event that confidential Case Material is inadvertently not designated as Confidential Material, the receiving party, upon notice from the originating party, will designate and treat the material as Confidential Material from that point forward.

2. <u>Deposition Transcripts and Videotapes</u>.

(a) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Material or Attorney's Eyes Only Material if they are designated as such when the deposition is taken.

(b) Any portion of any deposition that uses or refers to Confidential Material or Attorney' Eyes Only Material shall automatically be deemed as such without the necessity of having counsel so designate.

(c) In addition to the above provisions, counsel for the parties shall have 30 days from the date of receipt of any deposition transcript or videotape to designate any portion of such transcript or videotape as Confidential Material or Attorney's Eyes Only Material.

///

///

3. <u>Scope of Protective Order</u>.

Any Case Material designated as Confidential Material or Attorney's Eyes Only Material under the Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons receiving any such materials pursuant to the terms hereof (including persons identified in paragraphs 4 and 6 below) for any purposes whatsoever other than preparing for and conducting the litigation in which the materials were disclosed (including appeals).

4. <u>Disclosure of Confidential Material</u>.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material under the Protective Order to any other person or entity, except that disclosures may be made as follows:

(a) Disclosure may be made to counsel (including in-house counsel) and employees of counsel for the parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom). Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of the Protective Order requiring, among other things, that the Confidential Material be held in confidence.

(b) Disclosure may be made to parties and employees of a party only to the extent that the party believes in good faith that such employee is required to provide assistance in the conduct of the litigation. Any such employees must be identified in writing to counsel for the other parties in advance of the disclosure of Confidential Material to such employees. Any such person shall be advised by the disclosing party of the Protective Order and shall be subject to the provisions hereof requiring, among other things, that Confidential Material be held in confidence.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person

engaged in making photocopies of documents, such person must agree to be bound by the terms of the Protective Order.

(d)   Disclosure may be made to consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to collectively as "experts"). Prior to disclosure to any expert, such expert must agree to be bound by the provisions of the Protective Order.

(e)   Disclosure may be made to witnesses at deposition in the preparation and trial of the lawsuit only if they agree to be bound by the Protective Order. Prior to disclosure to any witness, the witness must be informed of and agree to be subject to the provisions of the Protective Order requiring, among other things, that Confidential Material be held in confidence. If Confidential Material is disclosed to a witness, and is so designated by the counsel disclosing the Confidential Material, unless the witness objects, a witness shall be deemed to have agreed to be subject to the Protective Order.

5.   <u>Disclosure to Persons Other than Counsel and Parties</u>.

Each person given access to Confidential Material pursuant to paragraphs 4(c) through 4(e) and/or Attorney's Eyes Only Material pursuant to paragraphs 6(b) through 6(d) shall be advised in advance that such Confidential Material and/or Attorney's Eyes Only Material is being disclosed subject to the terms of the Protective Order. Before being provided with a copy of any Confidential Material or Attorney's Eyes Only Material, each such person shall be provided with a copy of the Protective Order entered on this Stipulation and shall execute a non-disclosure agreement in conformity with Attachment A of this Stipulation.

Confidential Material or Attorney's Eyes Only Material may not be disclosed to a business competitor of any party.

/ / /

/ / /

/ / /

6. <u>Disclosure of Attorney's Eyes Only Material</u>.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Attorney's Eyes Only Material to any other person or entity, except that disclosures may be made as follows:

(a) Disclosure may be made to counsel and employees of counsel for the parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom). Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of the Protective Order requiring, among other things, that the Attorney's Eyes Only Material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of the Protective Order.

(c) Disclosure may be made to consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to collectively as "experts"). Prior to disclosure to any expert, such expert must agree to be bound by the provisions of the Protective Order.

(d) Disclosure may be made to witnesses at deposition in the preparation and trial of the lawsuit only if they agree to be bound by the Protective Order. Prior to disclosure to any witness, the witness must be informed of and agree to be subject to the provisions of the Protective Order requiring, among other things, that Attorney's Eyes Only Material be held in confidence. If Attorney's Eyes Only Material is disclosed to a witness, and is so designated by the counsel disclosing Attorney's Eyes Only Material, unless the witness objects, a witness shall be deemed to have agreed to be subject to the Protective Order.

///

1  7.    Possession and Security of Material.

2       Except as provided in paragraphs 4 through 6, counsel for the parties shall
3  keep all materials designated as Confidential Material which are received under the
4  Protective Order secure within their exclusive possession and shall place such
5  materials in a secure area.

6  8.    Subpoenas.

7       If any party is served with a subpoena requiring the served party to produce
8  the originating party's Confidential Material, notice shall be given to the originating
9  party promptly, and the originating party shall take reasonable steps (with which all
10 parties shall reasonably cooperate) to ensure that such materials are not disclosed.

11 9.    Copies.

12      All copies, duplicates, extracts, summaries, or descriptions (hereinafter
13 referred to collectively as "copies") of Confidential or Attorney's Eyes Only
14 Material, or any portion thereof, shall be immediately affixed with the word
15 "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as
16 appropriate, if these words do not already appear.

17 10.   Use of Material in Litigation and Trial.

18      (a)    To the extent that any answers to interrogatories, transcripts or
19 videotapes of depositions, responses to requests for admissions, or any other papers
20 or materials filed or lodged with the Court reveal or tend to reveal materials or
21 information claimed to be Confidential Material, any portion thereof containing
22 confidential information shall be ~~filed under seal~~ delivered by the filing party ~~with~~ to the clerk
23 of the court in an envelope marked "SEALED." ~~A reference to this Stipulation and~~
24 ~~the Protective Order shall also be made on the envelope.~~ An application to permit
25 under seal filing, and a Proposed Order, shall be concurrently filed in accordance with
    Local Civil Rule 79-5. This Stipulation for Protective Order creates no entitlement
26      (b)    No information may be withheld from discovery on the ground that the
27 material to be disclosed requires protection greater than that afforded by paragraph
28 10, subdivision (a) of the Protective Order unless the party claiming a need for

to file under seal information and documents designated
as confidential by the parties.

000983, 000136, 501606459.2           - 6 -           STIPULATION FOR PROTECTIVE ORDER
                                                      CV07-05002 JFW (MANx)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  greater protection moves for and obtains from the Court an order providing such
2  special protection. Any such motion must be made within 30 days of service of the
3  response claiming the need for greater protection.
4      (c)    The designation of confidentiality by a party may be challenged by any
5  party upon noticed motion. The movant must accompany such a motion with
6  statement showing a reasonable and good faith attempt at an informal resolution of
7  each issue presented by the motion. The party prevailing on any such motion shall
8  be entitled to recover as motion costs its reasonable attorney's fees and costs
9  attributable to the motion, if the Court so orders.
10     (d)    Within 60 days after the conclusion of the litigation (including any
11 appeals), all Confidential Material, including all copies as defined in paragraph 9,
12 shall be returned to the originating party. If the parties so stipulate, the materials
13 may be destroyed.
14 11.    <u>Privileged Documents</u>.
15     Nothing contained in the Protective Order is intended to require the
16 production of non-relevant or privileged documents or to prevent a party from
17 withholding production on those or any other grounds.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

12. <u>Remedies</u>.

The parties to this Stipulation agree that the United States District Court in and for the Central District of California shall have continuing jurisdiction over any and all disputes arising out of this Stipulation and Protective Order. Any party who violates the Protective Order will be subject to all available remedies, including but not limited to, monetary sanctions.

DATED: November 27, 2007        BAKER & HOSTETLER LLP

By: _____
MARGARET ROSENTHAL
SABRINA L. SHADI
Attorneys for ROADWAY EXPRESS, INC.

DATED: November 27, 2007        LAW OFFICE OF IRVING MEYER

By: _____
IRVING MEYER
Attorney for DONNELL THROWER

# ATTACHMENT "A"

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am aware of the terms of the Stipulation For Protective Order Regarding Production of Certain Documents and the Protective Order Thereon entered in *Donnell Thrower v. Roadway Express, Inc., et al.,* United States District Court Case No. CV 07-05002 JFW (MANx), and hereby agree to comply with and be bound by the terms and conditions of said Stipulation and Protective Order unless and until modified by further order of this Court.  I hereby consent to the jurisdiction of said Court for the purposes of enforcing such Stipulation and Protective Order.  I also understand that any violation of the Stipulation and Protective Order by me or anyone acting under my direction may be subject to penalties for contempt.

DATED:_____, 2007

_____
(Signature)

000983, 000136, 501606459.2

ATTACHMENT "A"
CV07-05002 JFW (MANx)

<u>ORDER</u>

Based upon the foregoing Stipulation, ~~and finding good cause therefor~~, it is hereby ORDERED that:

The Protective Order regarding Production of Certain Documents is hereby GRANTED.

DATED: January 9, 2008

*Margaret A. Nagle*
~~UNITED STATES DISTRICT JUDGE~~
Margaret A. Nagle
U.S. Magistrate Judge

# PROOF OF SERVICE BY MAIL

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-7120. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On December 10, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s): **STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CERTAIN DOCUMENTS AND [PROPOSED] ORDER THEREON** in a sealed envelope, postage fully paid, addressed as follows:

Irving Meyer, Esq.
Law Office of Irving Meyer
345 South Figueroa Street
Suite M13
Los Angeles, CA 90071
Phone: (213) 237-9999
Fax: (213) 237-9996

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 10, 2007, at Los Angeles, California.

_____
CHARLENE E. STAMPS

000983, 000136, 501606459.2

PROOF OF SERVICE
CV07-05002 JFW